

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| WILLIAM EUGENE WEBB,<br>　　　　Plaintiff, | §<br>§<br>§ |
| vs. | § CIVIL ACTION NO. 0:05-2546-HFF-BM<br>§ |
| MATTHEW B. HAMIDULLAH, Warden;<br>Z.R. VENDEL, MD, Medical Director;<br>STEVE LABEIR, Unit Manager;<br>CHARLES GRUBBS, Unit Counselor;<br>　　　　Defendants. | §<br>§<br>§<br>§<br>§ |

ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE
MAGISTRATE JUDGE, GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT AS TO PLAINTIFF'S *BIVENS* ACTION, DISMISSING PLAINTIFF'S FTCA
CLAIM *WITHOUT PREJUDICE*, AND DENYING PLAINTIFF'S CLAIMS FOR
INJUNCTIVE RELIEF

**I.     INTRODUCTION**

This case was filed as a *Bivens* and a Federal Tort Claims Act (FTCA) action. Plaintiff is proceeding *pro se*. The matter is before the Court for consideration of Plaintiff's requests for injunctive relief and a review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that the Court grant Defendants' Motion for Summary Judgment as to Plaintiff's *Bivens* action. The Magistrate Judge further recommends that the Court dismiss Plaintiff's FTCA claim, *without prejudice*. The Report is made in accordance with 28 U.S.C. § 636, and Local Rule 73.02 for the District of South Carolina.

## II.  INJUNCTIVE RELIEF

In considering a motion for injunctive relief, the Court is constrained to follow the balancing of hardship test as set forth in *Blackwelder Furniture Co. of Statesville, Inc. v. Seilig Manufacturing Co., Inc.*, 550 F.2d 189 (4th Cir. 1977).  Simply stated, Plaintiff has failed to demonstrate that, under this standard, he is entitled to the extraordinary remedy he seeks.  Accordingly, Plaintiff's requests for injunctive relief are **DENIED**.

## III.  THE REPORT

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on June 23, 2006.  Plaintiff's objections were received by the Clerk of Court on July 14, 2006.  The Court has made a careful review of Plaintiff's submission, but finds it to be unpersuasive.

Plaintiff contends that, contrary to the Report, he did respond (in his Response to Defendants' Motion to Dismiss) to Defendants' argument that he had failed to file a federal tort claim dealing with his conditions of confinement at FCI-Estill.[1]  (Obj. 9.)  The Court notes, however, that

---

[1] The references to FCI-Edgefield in the Report are scrivener's errors.  Those portions of the Report that refer to FCI-Edgefield are, in fact, referring to FCI-Estill.

2

Plaintiff's response was a general assertion that he "filed an administrative tort claim regarding negligent medical care while at FCI Estill." (Pl's Resp. to Mot. Dism. 17 (citing Exhibit J).) Nevertheless, a review of Exhibit J shows that the documents contained therein are responding to Plaintiff's federal tort claim form that was signed on June 30, 2004. (Defts.' Mot. to Dism., Exh. 10.)

Plaintiff was transferred to FCI-Estill on or about June 16, 2004. The June 30, 2004, claim form was filed approximately two (2) weeks after Plaintiff arrived at FCI-Estill and prior to the dates on which Plaintiff complains about FCI-Estill. *Id.* Furthermore, in Section 8 of Plaintiff's claim form, he specifically states "that prison officials at U.S. Medical Center for Federal Prisoners at Springfield, Missouri" were the ones that he was complaining of, with no mention of FCI-Estill. *Id*. Moreover, in Section 6 of the form, Plaintiff avers that the incidents complained of occurred between January 8, 2003, and January 28, 2004. *Id.* Since Plaintiff did not arrive at FCI-Estill until on or about June 16, 2004, Plaintiff cannot reasonably argue that the June 30, 2004, claim form covers any alleged claim that he may have against Defendants at FCI-Estill.

In sum, the documents before the Court fail to demonstrate that Plaintiff included a claim against the officials at FCI-Estill on his June 30, 2004, claim form. Moreover, there is no evidence in the record to demonstrate that Plaintiff has exhausted his administrative remedies as to his alleged FTCA claim against the officials at FCI-Estill. Therefore, Plaintiff's FTCA action will be dismissed, *without prejudice*.

The Court has reviewed Plaintiff's remaining objections, but finds them to be without merit. The Court will enter judgment accordingly.

After a thorough review of the Report and the record in this case pursuant to the standards set forth above, the Court adopts the Report to the extent that it does not contradict this order, and incorporates it herein.  Therefore, it is the judgment of this Court that Defendants' Motion for Summary Judgment as to Plaintiff's *Bivens* action must be **GRANTED** and Plaintiff's FTCA claim must be **DISMISSED** *without prejudice*.

**IT IS SO ORDERED**.

Signed this 24th day of July, 2006, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.